UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | Case No. 1:22-cr-18 |
|---|---|---|
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| MICHAEL WAYNE FORD | ) | Magistrate Judge Dumitru |

## ORDER

On September 21, 2023, the Court sentenced Defendant Michael Wayne Ford to 47 months imprisonment followed by a 3-year term of supervised release for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 39]. Now, Defendant has filed two pro se letters with the Court. [Docs. 59, 60]. The Court construes Defendant's first letter as a Motion for Early Termination of Probation [Doc. 59] and his second letter as a Motion for Hearing [Doc. 60]. For the following reasons, both motions [Docs. 59, 60] are **DENIED**.

**A. Motion for Early Termination of Probation [Doc. 59]**

Defendant states the following in his first letter, which the Court construes as a Motion for Early Termination of Probation with an attendant request for a hearing: "I would like to talk to the judge about I got pointed two or three things that I should not have[,] and I want to get off probation and this Federal GPS. And I have the paperwork to show you in[]person." [Doc. 59]. There are several reasons why the Court cannot grant Defendant his requested relief.

First, Defendant was never sentenced to probation. [*See* Doc. 39]. Instead, he was sentenced to a term of 47 months imprisonment followed by a 3-year term of supervised release. [*Id.*]. Accordingly, the Court cannot terminate Defendant's probation as he is not on probation.

Second, to the extent Defendant may have intended to request the early termination of his term of supervised release, he is similarly not on supervised release at this time. A review of the

BOP's online Inmate Locator Service (https://www.bop.gov/inmateloc/) reflects that Defendant is currently in the custody of R.R.M. Nashville, a residential reentry management field office, with a scheduled release date of May 12, 2026.[1] This means Defendant has been placed in a residential reentry center, or halfway house, as he nears the end of his term of imprisonment. *See About Our Facilities: Reentry Centers*, FED. BUREAU OF PRISONS, https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last visited January 5, 2026).[2] In other words, Defendant is still in BOP custody and therefore not eligible for the early termination of his term of supervised release. *See Smith v. Unknown Heisner*, No. 1:19-CV-202, 2019 U.S. Dist. LEXIS 82869, at *3 (W.D. Mich. Apr. 16, 2019) ("[A] federal prisoner placed in a halfway house is considered to still be in the custody of the BOP.").

Third, to the extent Defendant intended to request that the Court reduce his term of imprisonment, a court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). And here, Defendant has not directed the Court to any statutory authority suggesting it has the power to reduce his term of imprisonment. The Court similarly has been unable to identify any relevant authority on its own as Defendant has not provided any basis for his request other this apparent desire to be released. [*See* Doc. 59]. As a result, the Court cannot reduce Defendant's term of imprisonment.

Finally, regarding Defendant's statement that he "would like to talk to the judge[,]" [*id.*],

---

[1] "The Court is permitted to take judicial notice of information on the Inmate Locator Service." *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (internal quotation marks omitted).

[2] The Court may take judicial notice of information found on government websites. *Kentucky v. Biden*, 23 F.4th 585, 599 n.8 (6th Cir. 2022)

2

he has failed to articulate any grounds showing that a hearing is appropriate in this case. "[L]itigants are not entitled as a matter of right to an oral hearing on every motion." *Goodpasture v. Tenn. Valley Auth.*, 434 F.2d 760, 764 (6th Cir. 1970); *see also United States v. Lawson*, 476 F. App'x 644, 648 (6th Cir. 2012) ("A litigant is not always entitled to an evidentiary hearing…"). The "heavy dockets of the United States Courts" require that many motions be resolved on briefing alone, a practice that is authorized by the appellate courts, the Federal Rules of Civil Procedure, and this Court's Local Rules. *See Goodpasture*, 434 F.2d at 764; FED. R. CIV. P. 78(b); E.D. TENN. L.R. 7.2. Here, Defendant states he would like a hearing because he has "two or three things that [he] should not have[,]" and he has paperwork he wants to show the Court. [Doc. 59]. Defendant, however, has failed to articulate why the Court cannot address the "things that [he] should not have" based on written briefing alone or why he cannot simply file the paperwork he wants to show the Court in the record. In the absence of this information, or even information concerning what the "things" and paperwork Defendant wants to bring to the Court's attention are, the Court finds that a hearing regarding these issues is unnecessary.

For the foregoing reasons, Defendant's letter, construed as a Motion for Early Termination of Probation [Doc. 59], is **DENIED**.

### B. Motion for Hearing [Doc. 60]

Defendant states the following in his second letter, which the Court construes as a Motion for Hearing:

> I am going to file a lawsuit against the USP Florence, Federal Probation Office, and the Court because the Federal BOP said I was a convicted sex offender which I am not[,] and these people put my life in danger[.] The case manager Ms. Baca said it in front of people[,] and she said I have to register as a sex offender[,] and I have the paperwork showing I am not a sex offender and never been convicted of such a charge[.] I need to see my Judge ASAP.

[Doc. 60]. Defendant is not entitled to his requested hearing for two reasons.

First, to the extent Defendant is requesting a hearing in relation to the filing of a civil lawsuit against U.S.P. Florence, the Federal Probation Office, and this Court, there is no reason why he would need to have a hearing in this case before filing suit. Furthermore, to the extent Defendant may have hoped the Court would advise him on how to pursue such a lawsuit, the Court is forbidden from doing so. *United States v. Yelverton*, No. 3:16-CR-11-TAV-DCP-2, 2022 U.S. Dist. LEXIS 96746, at *4 (E.D. Tenn. May 31, 2022) (noting the Court "cannot provide legal advice to defendant or instruct him as to what…he should file").

Second, to the extent Defendant is requesting a hearing to contest whether he must register as a sex offender, he cannot challenge the registration requirement through this case. If the Court had required Defendant to register as a sex offender as a condition of supervised release, then Defendant could have challenged the imposition of the registration requirement in this case through either an appeal (if not waived) or a motion filed pursuant to 28 U.S.C. § 2255. The Court, however, never ordered Defendant to register as a sex offender. [*See* Doc. 39 at 3]. Thus, to the extent Defendant may be obligated to register as a sex offender, that requirement stems from matters outside this case. Accordingly, Defendant cannot challenge the registration requirement here. If Defendant believes that he is being wrongfully required to register as a sex offender, he should raise the issue with the BOP, in the proceedings where the registration requirement was imposed, or in a separate lawsuit as may be appropriate.

For the foregoing reasons, Defendant's letter, construed as a pro se Motion for Hearing [Doc. 60], is **DENIED**.

### C. Conclusion

For the foregoing reasons, Defendant's letters, construed as motions, [Docs. 59, 60] are **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**